# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 17, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3510

RITA J. McCONVILLE,
          *Petitioner*,

    *v.*

Petition for Review of an Order of the
Securities and Exchange Commission

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
          *Respondent*.

No. 3-11330

**O R D E R**

On November 27, 2006, McConville filed a petition for rehearing en banc. On consideration of the petition for rehearing, the slip opinion issued in the above-entitled cause on October 11, 2006 is hereby amended as follows. On page 11, the following footnote is added to the paragraph that currently ends with "*Id.* at 142.":

> McConville is not being found liable under an aiding and abetting theory of liability. It should be noted, however, that the Securities Exchange Act provides that in certain actions brought by the SEC, liability attaches to "any person that knowingly provides substantial assistance to another" in violation of the statute. *See* 15 U.S.C. § 78t(e). Congress enacted this provision subsequent to the Supreme Court's decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, which holds that there is no aiding and abetting liability in private actions under § 10(b) and Rule

10b-5.  *See* 511 U.S. 164, 191 (1994).

In all other respects, the members of the original panel have voted to DENY the petition for rehearing.  No judge in regular active service requested a vote on the petition for rehearing en banc.

Accordingly, the petition for rehearing is DENIED.